[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-15546
Non-Argument Calendar

_____

D. C. Docket Nos. 03-00049-CV-2 & 97-0036 CR-2-2

UNITED STATES OF AMERICA,

Petitioner-Appellant,

versus

WARRICK A. GRIFFIN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 11, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of <u>United States v. Johnson</u>, --- U.S. ----, ----, 125 S.Ct. 1571, --- L.Ed.2d----, ---- (2005). The district court below previously granted Defendant Warrick A. Giffin's petition for writ of habeas corpus under 28 U.S.C. § 2255, based upon Griffin's successful attacks on state court convictions that contributed to the calculation of his federal sentence. The government appealed and we reversed the grant of Griffin's § 2255 motion and remanded this case. <u>See</u> <u>United States v. Griffin</u>, No. 03-15546 (March 29, 2004). Griffin then sought a writ of certiorari, and the Supreme Court vacated our opinion and remanded the case to us for consideration in light of <u>Johnson</u>. <u>See</u> <u>United States v. Griffin</u>, ___ S.Ct. ___, 2005 WL 873400 (Apr. 18, 2005).

On July 25, 1997, Griffin and two armed co-defendants robbed a bank, escaping with approximately $23,000. A federal grand jury indicted Griffin, and he pled guilty to bank robbery, in violation of 18 U.S.C. § 2113. The Presentence Investigation Report ("PSI") scored five prior convictions, which resulted in a category V criminal history. Based upon an offense level of 29, Griffin faced a guidelines range between 140 and 175 months' imprisonment. On February 27, 1998, the district court sentenced Griffin to 120 months, reflecting Griffin's substantial assistance to the Government under U.S.S.G. § 5K1.1. The ultimate sentence was later reduced to 100 months under Fed. R. Crim. P. 35.

2

Griffin subsequently filed a direct appeal, which this Court dismissed on July 6, 1999, for the Defendant's failure to pay the appellate docketing and filing fees. See United States v. Griffin, No. 98-83202-C (July 6, 1999). In 2001, Griffin then filed an application for writ of habeas corpus in the Superior Court of Wayne County, Georgia. In that application, Griffin challenged his 1991, 1992, 1993, and 1997 state convictions, which had been calculated into the final score to determine his federal criminal history category.

On March 19, 2003, the state court vacated Griffin's 1992, 1993, and 1997 convictions due to the State's inability to produce any documents showing that Griffin had been represented by counsel, fully informed of his rights before waiving counsel, or given any notice of his rights.

On March 29, 2003, ten days after the Superior Court order and nearly five years after his federal conviction, Griffin filed a motion under 28 U.S.C. § 2255, seeking recalculation of his criminal history category from V to II, based upon the vacated state convictions. The Government objected on the premise that the motion was time-barred.

The magistrate judge rejected the Government's argument, and found that § 2255's limitations period had been equitably tolled while Griffin challenged his state court convictions. As such, Griffin's motion was timely, and the district court

adopted the magistrate judge's recommendation and granted Griffin habeas relief. The district court resentenced Griffin to time served and ordered his immediate release from custody on July 25, 2003.

Shortly after Griffin's release, we decided Johnson v. United States, 340 F.3d 1219 (11th Cir. 2003), and the Government asked the district court to reconsider its decision, arguing that Johnson required a contrary result. The district court denied the Government's motion, and this appeal followed.

In its appeal to this Court, the Government asserted that Johnson required: (1) that a state court's vacatur of prior convictions is not a "fact" within the meaning of § 2255 ¶ 6(4); and (2) that equitable tolling was inapplicable where the petitioner knew the facts supporting his attack on his prior state convictions at the time his federal sentence became final. Johnson, 340 F.3d 1219, 1226-28. We agreed, and reversed the grant of Griffin's § 2255 motion and remanded the case to the district court. See United States v. Griffin, No. 03-15546 (March 29, 2004).

Since our decision in Mr. Griffin's case, the United States Supreme Court has decided  Johnson v. United States, --- U.S. ----, 125 S.Ct. 1571, --- L.Ed.2d ---- (2005). While the Supreme Court affirmed our decision in Johnson, it did so on other grounds; necessitating a reevaluation of Griffin's case because this Court's previous opinion in Johnson controlled the outcome.

4

In Johnson, the Supreme Court held that when a prisoner collaterally attacks his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated, § 2255's one-year limitations period begins to run when the petitioner receives notice of the order vacating the prior conviction. Id. at 1582. While this effectively tolls § 2255's limitations period, the clock only stops if the prisoner sought the state court vacatur with due diligence after entry of the judgment in the federal case in which the sentence was enhanced. Id. at 1582.

In contrast to our opinion in Johnson, the Supreme Court determined that the state-court order vacating the prisoner's prior conviction is a matter of "fact" supporting his § 2255 claim, discovery of which triggers the refreshed one-year limitations period. Id. at 1578-79. Therefore, had the prisoner acted diligently from the date of entry of judgment by the district court in his federal case to obtain the state court order vacating his predicate conviction, the one-year limitation period would have run from the date he received notice of that vacatur. Nevertheless, the Supreme Court affirmed Johnson's sentence because he did not show due diligence. Although he knew that his conviction subjected him to the career offender enhancement, Johnson neglected to attack the predicate for enhancement for three years.

For Griffin, the question now turns on whether he met the requisite showing

5

of due diligence to effectively toll § 2255's limitation. Judgement was entered against Griffin on March 3, 1998. Griffin did not seek vacatur of his state court convictions until early 2001 - approximately three years after entry of his federal conviction[1]. Under <u>Johnson</u>, such a delay is unreasonable, and as the Supreme Court articulated, "we have never accepted <u>pro</u> <u>se</u> representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness" <u>Id.</u> at 1582. On this record, we think Griffin "fell far short of reasonable diligence in challenging the state conviction[s]." <u>Id.</u> Accordingly, we reverse, once again, the grant of the Griffin's § 2255 motion after our reconsideration in light of <u>Johnson</u>, pursuant to the Supreme Court's mandate.

**REVERSED AND REMANDED.**

---

[1] In <u>Johnson</u>, the Supreme Court indicated that even a 21-month delay was unreasonable: "[E]ven if we move the burden of diligence...Johnson would have still delayed unreasonably, having waited over 21 months." <u>Id.</u> at 1582.