

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2005

# In Re:Jeffrey Milton

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2713

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re:Jeffrey Milton " (2005). *2005 Decisions.* Paper 202.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-2713

———————

IN RE:  JEFFREY T. MILTON

Petitioner

———————

APPLICATION FOR ORDER AUTHORIZING DISTRICT
COURT TO CONSIDER SECOND OR SUCCESSIVE
MOTION UNDER 28 U.S.C. § 2255

TRANSFERRED FROM UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(Dist. Ct. No. 92-cr-00016)
District Court Judge:  Honorable Malcolm Muir

———————

Submitted pursuant to LAR 34.1(a)
January 19, 2005

Before: ALITO, MCKEE, and SMITH, <u>Circuit</u> <u>Judges</u>.

(Filed: November 28, 2005)

———————

OPINION OF THE COURT

———————

<u>PER CURIAM</u>:

Petitioner Jeffrey T. Milton applies for an order authorizing the District

Court to consider a second or successive motion pursuant to 28 U.S.C. § 2255.  We deny

the application.

## I.

In 1987, 1988, and 1990, Milton was convicted of three Massachusetts

crimes. His Presentence Report lists them as:

    a)      7/30/1987: Milton pled guilty to Assault and Battery with a Dangerous Weapon, receiving 1 year, 30 months for assaulting a Probation officer with a club. PSR 5 (Docket No. 87-2266).

    b)      3/28/1988: Milton pled guilty to Assault and Battery with a Dangerous Weapon, receiving 4.5–10 years for assaulting and battering a man with a knife. PSR 5 (Docket No. 88-1670).

    c)      12/5/1990: Milton was convicted of one count of Assault and Battery with a Dangerous Weapon. The sentence would last at least 15–20 years after the 1988 sentence was completed. PSR 6 (Docket Nos. 89-710; 89-711; 89-112).[1]

On December 6, 1988, Milton filed a motion to vacate his conviction in No.

88-1670. See SA2a. This set off a chain of events that eventually resulted in the state

court's vacatur in 2001 and 2002 of two of the convictions (Nos. 87-2266 and 88-1670)

for ineffective assistance of counsel. See Milton's Supplemental Response Brief at 3.

On December 16, 1992, Milton was convicted in federal District Court for

---

[1] This paragraph of the PSR asserts that Milton was convicted of three crimes: one count of Armed Assault with Intent to Murder, and two counts of Assault and Battery with a Dangerous Weapon. Milton objects, claiming that the State dropped two charges and ultimately charged him only with one count of assault and battery with a dangerous weapon. The letter stating Milton's objection is attached to the PSR and was originally accompanied by a document in support of the allegation, but that document is neither in the PSR nor attached to it. For the purposes of this opinion, we assume that Milton is correct, and we count this sentence as a single conviction.

assaulting a correctional officer with a dangerous weapon. A55a. The court sentenced Milton as a career offender under U.S.S.G. § 4B1 based on the three prior state convictions listed above. A115a; A65a–66a.

On April 25, 1997, Milton filed a petition for a writ of habeas corpus in federal District Court. The District Court treated the writ as a § 2255 motion and denied it as untimely. A129a–37a.

On September 28, 2001, one of Milton's prior state convictions (88-1670) was vacated. A13a–15a. On November 22, 2002, a Massachusetts judge granted Milton's motion for a new trial in No. 87-2266, apparently because of the vacatur in No. 88-1670. On December 19, 2002, Massachusetts filed a *nolle prosequi* in No. 87-2266. Id.

On April 10, 2003, Milton filed a second § 2255 motion in District Court based on these two state court vacaturs. See A1a–15a. The District Court transferred the motion to this Court, where Milton applied for leave to file the second motion.

## II.

Motions filed under § 2255 are subject to a one-year statute of limitations that runs from the latest of several dates, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255 ¶ 6(4). See also United States v. Pollard, 416 F.3d 48, 54 (D.C. Cir. 2005) (applying § 2255 ¶ 6 statute of limitations to a second or successive

3

§ 2255 motion); United States v. Cottage, 307 F.3d 494, 500 (6th Cir. 2002) (same); In re Vial, 115 F.3d 1192, 1197 n.9 (4th Cir. 1997) (same).

In Johnson v. United States, 125 S. Ct. 1571 (2005), the Supreme Court held that when prisoners are convicted of federal crimes predicated on state convictions that are subsequently vacated, the vacatur itself is a "fact supporting the claim or claims presented" under § 2255 ¶ 6(4). Id. at 1577. This holding, by itself, troubled the majority because a petitioner could reset the § 2255 statute of limitations upon "discover[ing]" that his prior conviction had been vacated, even if he had waited a long time to pursue and obtain the vacatur. The majority therefore held that "due diligence" in discovering a state court vacatur includes the duty to diligently challenge the conviction. Id. at 1580–81. That duty is triggered on the date of the federal court judgment that was predicated on the prior state conviction. In short, the 1-year "period of limitation" set forth in § 2255 ¶ 6 starts to run from the time the prisoner receives notice of a state court's vacatur of a predicate conviction, but only if the prisoner exercised due diligence since the date of the federal court judgment in attempting to challenge his state conviction.[2]

A second or successive § 2255 motion, even if timely, must be certified by this Court as containing "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

---

[2] Johnson established several exceptions to the due diligence requirement that are not applicable to this case. Id. at 1582 n.8.

4

evidence that no reasonable factfinder would have found the movant guilty of the offense . . . ." § 2255 ¶ 8. "[T]he factual predicate for the [newly discovered evidence must] not have been discover[able] previously through the exercise of due diligence." § 2244(b)(2)(B)(i). Milton must make a prima facie showing that he meets these requirements. In re Turner, 267 F.3d 225, 227 (3d Cir. 2001) (quoting § 2244(b)(3)(C)).

The Supreme Court's interpretation of due diligence under § 2255 ¶ 6(4) applies with equal force to § 2244(b)(2)(B)(i). The two sections contain nearly identical language—requiring "due diligence" in "discover[ing]" the "predicate" or "supporting" facts of the "claim." Both serve to protect the finality of federal court judgments, which was the core motivation behind the holding in Johnson. Johnson, 125 S. Ct. at 1581. Applying Johnson to § 2255 ¶ 6(4) but not to § 2244(b)(2)(B)(i) could lead to an anomalous situation under which claims based on state court vacaturs that were not diligently pursued may be raised in second motions but not in first motions.

Accordingly, whether we consider the standard of timeliness or of newly discovered evidence, Milton must show that he exercised due diligence in challenging his state court convictions.

### III.

Milton fails to show due diligence. Both parties agree that the relevant date for assessing due diligence is December 16, 1992, the date of the federal court judgment predicated on the state court convictions. At that sentencing, Milton had three crimes of

violence on his record, and he needed only two to merit his designation as a career offender. Thus, Milton had to successfully, and diligently, vacate two convictions to be innocent of career offender status. Milton successfully obtained vacatur of two convictions, in Nos. 87-2266 and 88-1670.

Milton did not, however, diligently challenge his conviction in No. 87-2266. According to the docket sheet, the proceedings on this charge were completed on December 3, 1987. SA2:7a. Nothing further occurred in this case until counsel was appointed on October 3, 1994 -- 22 months after Milton's federal sentence was imposed. Milton did not file his "Motion to Withdraw Guilty Plea" in state court until July 23, 1998, more than five years after the federal sentence was imposed. The only possible proof of due diligence in challenging this conviction was Milton's attempt to obtain the transcript of the guilty plea hearing on September 18, 1989. SA2:7a. Although a request for a transcript may be a preliminary step toward challenging a conviction, the request by itself does not show due diligence. Cf. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004).

We need not decide whether Milton diligently challenged his conviction in No. 88-1670. Because Milton cannot show due diligence in challenging his conviction in No. 87-2266, he fails to meet the Johnson standard, and his application to file a second or successive habeas motion must be denied.

## V.

For the reasons given above, we deny the application.