# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 05-3307

—————

United States of America,           *
                                    *
                Appellee,           *   Appeal from the United States
                                    *   District Court for the
        v.                          *   District of Minnesota.
                                    *
Martin Robert Czeck,                *   [UNPUBLISHED]
                                    *
                Appellant.          *

—————

Submitted: February 7, 2006
Filed: February 27, 2006

—————

Before BYE, FAGG, and SMITH, Circuit Judges.

—————

PER CURIAM.

Federal prisoner Martin Czeck appeals the district court's[1] denial of his 18 U.S.C. § 3582(c)(2) sentence-reduction motion. We affirm.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

—————

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The applicable policy statement--U.S.S.G. § 1B1.10(a)--explains that a reduction under section 3582(c)(2) is not consistent with the policy statement if "none of the amendments listed in subsection (c) is applicable." Amendment 674, on which Czeck relies, is not listed in U.S.S.G. § 1B1.10(c), and thus the district court properly refused to reduce his sentence. See Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (amendment not listed in § 1B1.10(c) may not be applied to reduce sentence).

To the extent Czeck's motion amounted to a 28 U.S.C. § 2255 motion, insofar as he also sought to lower his sentence based on the vacation of his state court convictions, his claim also failed. Putting aside the question whether Czeck's motion was second or successive, we find that it was untimely because Czeck waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a sufficient excuse for the delay. See Johnson v. United States, 125 S. Ct. 1571, 1575, 1582 (2005) (1-year limitation period for defendant seeking to reopen federal sentence enhanced by state sentence based on state court vacatur begins when petitioner receives notice of order vacating state conviction, provided he sought it with due diligence in state court after entry of judgment in federal case with enhanced sentence).

Accordingly, we affirm the denial of Czeck's section 3582(c)(2) motion, and we deny Czeck's appellate motion for appointed counsel.

_____