**Vernon POWELL Petitioner**

v.

**UNITED STATES of America Respondent**

**Nos. CIV. PJM04–3778, CRIM. PJM99–0514.**

United States District Court,
D. Maryland.

Sept. 15, 2006.

Fred Warren Bennett, Esquire, Gary E. Bair, Esquire, Greenbelt, for Plaintiffs.

Deborah A. Johnston, Esquire, Greenbelt, for Defendants.

## OPINION

MESSITTE, District Judge.

Vernon Powell, through counsel, has filed a Motion under 28 U.S.C. § 2255 to

Vacate and Set Aside Sentence by Prisoner in Federal Custody. He has also filed two Supplements to this Motion: (1) A *Pro Se* Supplement; and (2) a Supplement submitted by counsel.[1]

For the following reason, the Court DENIES the Motion.

## I.

Following a jury trial in March, 2001, Powell was convicted of conspiracy to distribute and possess with intent to distribute controlled substances under 21 U.S.C. § 846. Sentencing was held on May 25, 2001. Pursuant to U.S. Sentencing Guideline 4B1.1(a), the Court determined that Powell was a career offender based on his having at least two prior felony convictions involving a controlled substance. Accordingly the Court calculated his offense level under the Guidelines to be 37 and his criminal history category to be VI, establishing a custody range of 360 months to life. The Court sentenced him to 360 months incarceration. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence, and the Supreme Court denied *certiorari* on December 8, 2003.

On November 30, 2004, Powell filed a timely Motion under 28 U.S.C. § 2255. On March 29, 2005, through counsel, he filed a Supplement to this Motion.

The original Motion makes two basic arguments:

1) That Powell's sentence is unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and

2) That he was denied effective assistance of counsel when counsel failed to meaningfully cross-examine one witness (Michael Gamble) and failed to object to the Government's calling of the second witness (Leonel Caceres).

In his Supplement, Powell argues that trial counsel was ineffective for failing to adequately investigate his prior criminal history which would have revealed that he was not in fact a career offender under the Sentencing Guidelines.[2]

In response to the original Motion, the Government argues that as to Powell's *Blakely* argument, the holding is not applicable to cases that were not on direct appeal at the time of its decision nor to cases on collateral review, which makes the issue unavailable to Powell. The Government further contends that trial counsel's actions *vis-a-vis* the two Government witnesses were not constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

As for the argument raised in the Supplement—that trial counsel was ineffective

---

1. In Petitioner's Response to Government's Surreply to Petitioner's Reply to Government's Response to Motion to Vacate Sentence, counsel indicates that he "is not relying upon Petitioner's *Pro Se* Supplement." Accordingly the Court will not consider the Pro Se Supplement.

2. On June 10, 2005, the Circuit Court for Prince George's County entered an Order of Vacatur with respect to Powell's conviction of conspiracy to violate the controlled dangerous substance (CDS) laws and entered instead a conviction of conspiracy to possess CDS, which was in fact what Powell had actually pled to. Powell argues that insofar as the modified conviction is concerned, he would not have qualified as a career offender under the Sentencing Guidelines and that a more accurate calculation of his guideline score would be an offense level of 34 and criminal history of III, implicating a sentencing guideline range of 188 to 235 months, as opposed to the 360 months to life that the Court established at sentencing.

in failing to probe Powell's actual criminal history—the Government argues that the issue is time-barred.

## II.

The Court considers first the arguments presented in the original Motion.

A) Relying on *Blakely v. Washington,* Powell contends that the Court unconstitutionally determined the drug quantity it applied at sentencing. This argument, as Powell must agree, is more properly made under *United States v. Booker,* 543 U.S. 220, 226, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), decided after Powell submitted his Motion to Vacate. In any event, the Government submits that neither of these decisions may be argued on collateral review, as Powell tries to here. The Court agrees with the Government.

■ Both *Blakely* and *Booker* apply prospectively and only to those cases on direct appeal at the time of the Supreme Court's decisions. *United States v. Morris,* 429 F.3d 65, 71–72 (4th Cir.2005). *Blakely* was decided on March 24, 2004, and *Booker* on January 10, 2005. With the Supreme Court's denial of his petition for certiorari on December 8, 2003, Powell's judgment became final. He cannot, therefore, pursue his *Booker/Blakely* claim on collateral review.

■ B) Powell's second and third claims allege ineffective assistance of counsel at trial. In particular, he challenges two of trial counsel's decisions: First, counsel's decision not to extensively cross-examine Government witness Michael Gamble; and second, his decision not to object to the Government's questioning of Leonel Caceres in front of the jury. The Court finds neither argument to have merit.

■ Claims of ineffective assistance of counsel may be raised for the first time on collateral review. *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). In *Strickland v. Washington,* the Supreme Court established a two-prong test that a petitioner must satisfy to prevail on an ineffective assistance of counsel claim. 466 U.S. at 687, 104 S.Ct. 2052. First, the petitioner must show that counsel's performance was deficient when measured against an objective standard of reasonableness. *Id.* at 687–688, 104 S.Ct. 2052. Second, the petitioner must show that counsel's deficient performance prejudiced the defense, by depriving the petitioner of "a trial whose result is reliable." *Id.* at 687, 104 S.Ct. 2052. There is a presumption that counsel's actions are strategic trial decisions. *Id.* at 689, 104 S.Ct. 2052. The court is thus highly deferential to counsel's decisions and reviews the challenged conduct in light of the totality of circumstances. *Id.* at 689–90, 104 S.Ct. 2052.

As for counsel's decision not to extensively cross-examine Michael Gamble, a drug courier who had entered into a plea agreement with the Government, Powell's attorney asked him only three questions on cross-examination despite a lengthy direct examination by the Government. Powell claims that counsel ought to have cross-examined Gamble more extensively. The Court, however, is unable to find that counsel's decision was either below par or prejudicial. Gamble's credibility was squarely before the jury for its consideration: (1) He acknowledged the existence of his plea agreement with the Government; (2) He admitted that he had lied to detectives when he told them that he saw cocaine delivered to Powell; and (3) He admitted that while he had seen bags delivered to Powell, he did not know the contents of the bags. There is little more that defense counsel could have placed before the jury to cause it to question Gam-

ble's direct testimony. Whether the jury was persuaded by Gamble's concessions is another matter, but if it was not, that was in no sense attributable to a deficient performance on the part of Powell's counsel or that Powell was prejudiced thereby.

 Powell also challenges counsel's decision not to object when the Government called Leonel Caceres as a witness, since the Government and defense counsel purportedly knew Caceres had previously asserted that he was going to refuse to testify. Powell argues that counsel ought to have objected because the jury might "have inferred [Powell's] guilt from Caceres's refusal to answer questions." Apart from the dubious logic of this claim, the Court finds that it fails to satisfy either prong of *Strickland.* Because Caceres had been granted immunity and had no right to refuse to testify, he could properly be called to the stand to determine if he would in fact refuse to do so, which would have then subjected him to a finding of contempt. *See, e.g., In re Scott,* 605 F.2d 736, 737 (4th Cir.1979) (after being brought to the bench and warned that he could be held in contempt, witness who informed the court that he would refuse to testify was required to take the stand). Counsel's lack of objection, therefore, when Caceres was called was not unreasonable. In any event, Powell has failed to show that he suffered prejudice in the sense that the result of his trial was "unreliable." Ample evidence from other sources demonstrated Powell's involvement in a conspiracy to distribute and possess with intent to distribute cocaine. The ineffective assistance of counsel claims in Powell's original Motion are baseless.

### III.

There seems to be some confusion about whether the Court has definitively decided that Powell's argument as to ineffective assistance of counsel raised in his Supplement—i.e. that counsel failed to probe Powell's criminal history—is still in play. It is. The Court bears some responsibility for the confusion insofar as earlier in the proceedings it indicated that it intended to deem the Supplement as timely filed. However, the Court meant only to require the Government to respond in full to the arguments made in the Supplement, not to decide the timeliness issue once and for all.

In fact, in its Surreply to Petitioner's Reply the Government invites the Court's attention to *Mayle v. Felix,* 545 U.S. 644, 125 S.Ct. 2562, 2569–70, 162 L.Ed.2d 582 (2005), which held that in a habeas corpus proceeding, insofar as amended pleadings do or do not relate back to an original pleading, the original motion to vacate is deemed the "original pleading." *Mayle* further held that the same "conduct, transaction, or occurrence" within the meaning of Federal Rule of Civil Procedure 15(c) does not mean the same trial, conviction or sentence. *Id.* at 2573–74. Such an interpretation would "swallow" the limitations period established by the Antiterrorism and Effective Death Penalty Act (AEDPA). Rather, it "depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Id.* at 2572 (internal quotation marks omitted). If the facts supporting the new claim "differ in both time and type" from those of previous claims, the new claim does not relate back. *Id.* at 2566.

Powell concedes that his challenge to trial counsel's failure to probe his criminal history, as raised in the Supplement to his Motion, does not share a "common core of operative facts" with the *Blakely–Booker* claim of his original Motion and therefore does not relate back.

 He maintains, however, that the ineffective assistance claim raised in his Sup-

plement still survives because, *inter alia*, the one-year limitation period for filing a 28 U.S.C. § 2255 petition begins to run from "the date on which the facts supporting the claim or claims presented could have been exercised through due diligence," 28 U.S.C. § 2254(4); that it was not until March 2005 that counsel first discovered that the docket entries in one of Powell's predicate state court convictions were in error and that he in fact had pled guilty only to conspiracy to possess a controlled dangerous substance (a misdemeanor), not conspiracy to violate the controlled dangerous substance laws (a felony), which would have permitted Powell to be sentenced as a non-career offender; and that habeas counsel acted promptly to have the state court felony conviction vacated and the misdemeanor conviction substituted; that the claim raised in the Supplement was therefore timely raised, having been filed within one year of (actually a few months prior to) the Order of Vacatur. In contrast, the Government, based on *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), argues that the "due diligence" clock for Powell to have sought the Order of Vacatur began to run on May 25, 2001, the date on which Powell was sentenced, and that, by failing to seek the Order of Vacatur until March 2005, almost 4 years later, Powell has not shown that he acted with appropriate "due diligence." The Court agrees with the Government.

 A state court vacatur is a "fact" for purposes of the AEDPA's limitations rule. *Johnson v. United States*, 544 U.S.

at 302, 125 S.Ct. 1571 (2005). Accordingly, in order to benefit from a new limitations period for filing a habeas petition, the petitioner must show due diligence in having sought the vacatur. *Id.*; *United States v. Williams*, 162 F.App'x 254, 257–58 (4th Cir.2006) (applying *Johnson*'s due diligence holding to the newly discovered evidence exception to the mandate rule). A petitioner's obligation to act diligently begins on the date of entry of judgment of his federal case. *Johnson*, 544 U.S. at 309, 125 S.Ct. 1571.[3]

In *Johnson*, the Supreme Court found that the petitioner had not acted diligently in waiting more than three years after his sentence to challenge his state court judgment. *Id.* at 311, 125 S.Ct. 1571; *accord United States v. Williams*, 162 Fed.Appx. 254, 258 (4th Cir.2006) (delay of more than three-and-a-half years does not satisfy due diligence requirement); *United States v. Griffin*, 134 Fed.Appx. 277, 279 (11th Cir. 2005) (delay of approximately three years); *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir.2005) (delay of more than four years); *In re Milton*, 155 Fed.Appx. 614, 617 (3rd Cir.2005) (more than five years); *United States v. Czeck*, 172 Fed. Appx. 687, 687 (8th Cir.2006) (more than six years).

In the present case, this Court entered judgment on May 21, 2001, whereas Powell's challenge to his Prince George's County conviction did not come until April 2005, almost four years later. He argues that "as a layman" he was "entitled to rely upon the presumption of regularity of state court docket entries as well as the pre-

---

**3.** Powell invites the Court's attention to *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994) for the proposition that he is "clearly entitled to be re-sentenced as a non-career offender." The case does not aid Powell's cause. While it suggests that actual innocence of one of the predicate offences for classification as a career offender may excuse

the procedural default and actual prejudice requirements with respect to a trial error not contemporaneously objected to, it says nothing about the requirement of due diligence required in seeking the vacatur of a predicate offense. Notably, all the due diligence cases cited in the text post-date *Maybeck*.

sumption of regularity of the entries in the presentence report in this case, both of which had [him] being convicted of the wrong crime—conspiracy to violate the CDS laws." He also argues that "(i)t would be unjust—to dismiss [his] career offender status issue as being time-barred under *Johnson*"—which was decided on April 4, 2005, since under Fourth Circuit law prevailing until that date there was no due diligence requirement under § 2255(4) in effect. *See United States v. Gadsen*, 332 F.3d 224 (4th Cir.2003). The Government does not address the non-retroactivity of *Johnson*, and simply assumes its applicability to the present case.

To begin, Powell's *pro se* status does not mitigate the consequences of this delay. *Johnson*, 544 U.S. at 311, 125 S.Ct. 1571 ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . .").

Further, while the question of the retroactivity *vel non* of *Johnson* may be interesting and important,[4] as recently as earlier this year, a panel of the Fourth Circuit in *U.S. v. Williams*, supra, clearly assumed the case's retroactivity insofar as the due diligence requirement is concerned. In *Williams*, citing "(t)he interest of preserving the finality of criminal convictions," the panel found that the due diligence clock for seeking vacatur begins ticking at the date judgment is entered in the district court and that a period of four months shy of four years between the date of sentence and the filing of the state court motion seeking modification of the prior conviction was not due diligence. *United States v. Williams*, 162 Fed.Appx. 254, 260 (2006). That holding, unfortunately, dooms Powell's quest for relief in the present case. Here the time lapse between the date of the entry of judgment in this Court (March, 2001) and the date of the filing of Powell's motion in state court (April 2005)—four years and one month—exceeds the time lapses in both *Johnson* and *Williams*.[5]

## IV.

Harsh though the result may be, for the foregoing reasons, the Court DENIES Powell's Motion under 28 U.S.C. § 2255 to Vacate and Set Aside Sentence by a Federal Prisoner, as supplemented.[6]

A separate Order will be ENTERED.

---

4. *See Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)

5. Insofar as he argues the injustice of the error in the state court judgment, Powell also relies on Federal Rule of Civil Procedure 60(b)(6), which provides that a party may seek relief from a final judgment and request reopening of his case when, among other things, he demonstrates "any . . . reason justifying relief from the operation of the judgment," other than the more specific circum-

stances set out in Rules 60(b)(1)-(5). This argument is unpersuasive. Particularly in the context of habeas corpus applications, the Supreme Court has suggested that Rule 60(b) cannot be used to present new claims for relief that would circumvent the requirements of the AEDPA. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).

6. The Court's rulings MOOT Powell's request for an evidentiary hearing.