NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1892
_____

MARTIN R. CZECK,

Appellant

v.

DONNA ZICKEFOOSE, Warden

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-10-cv-04668)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 29, 2012

Before:  SMITH and FISHER, *Circuit Judges*, and RAKOFF,[*] *District Judge*.

(Filed:  June 29, 2012)

_____

OPINION OF THE COURT

_____

---

[*] The Honorable Jed S. Rakoff, District Judge for the United States District Court for the Southern District of New York, sitting by designation.

FISHER, *Circuit Judge*.

Martin Czeck ("Czeck") appeals from an order of the District Court dismissing his petition under 28 U.S.C. § 2241 for lack of jurisdiction. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 1996, Czeck was convicted of various drug and firearms offenses in the U.S. District Court for the District of Minnesota, and pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), he was sentenced to 360 months' imprisonment. The U.S. Court of Appeals for the Eighth Circuit affirmed the judgment of conviction and sentence on January 30, 1997. Czeck subsequently filed a timely habeas petition under 28 U.S.C. § 2255, which was denied. Between 1999 and 2002, he filed three applications seeking authorization to file a successive § 2255 habeas petition, all of which were denied.

Czeck then sought relief in Minnesota state court, seeking to have various criminal convictions from the 1980s set aside. He was successful in getting four convictions from 1981 and 1982 vacated. Thereafter, in 2005, Czeck filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582, arguing that because four of his state court

convictions were vacated, he was "actually innocent" of being an "Armed Career Criminal." The District Court denied the motion. The Eighth Circuit affirmed, reasoning that even if Czeck's motion was treated as a successive § 2255 petition, it was untimely because he did not diligently pursue his state court remedies until six years after his federal conviction. *United States v. Czeck*, 172 F. App'x 687 (8th Cir. 2006). Czeck subsequently filed a § 2241 petition in the Southern District of Illinois, which was denied for lack of jurisdiction, and two more applications seeking to file successive habeas petitions under § 2255, both of which were denied. In 2010, he filed a second § 2241 petition, this time in the District of Minnesota, again attacking the legality of his sentence based on the vacated state convictions. The District Court held that Czeck could not seek relief under § 2241 because he had not established that § 2255 was inadequate or ineffective. The Court reasoned that:

> "the 'inescapable implication' of the Eighth Circuit's finding that Czeck did not provide a sufficient excuse for waiting six years after his federal conviction became final to petition the state court for relief was that Czeck could have raised the issue of [his state] convictions in a § 2255 challenge to his sentence had he acted more diligently."

*Czeck v. United States*, 2010 WL 1526550, at \*2 (D. Minn. Apr. 15, 2010).

On September 13, 2010, Czeck filed the instant § 2241 petition in the U.S. District Court for the District of New Jersey, his present district of confinement. The District Court denied the petition *sua sponte,* reasoning that it lacked jurisdiction to consider Czeck's challenge to the legality of his sentence under § 2241 because he had not

3

demonstrated that a motion under § 2255 would have been inadequate or ineffective. Czeck filed a timely notice of appeal.

## II.

We have jurisdiction over a district court's dismissal of a habeas petition for lack of jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). "We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings." *Okereke v. United States*, 307 F.3d 117, 119-20 (3d Cir. 2002) (citation omitted).

## III.

A federal prisoner must generally challenge the legality of his conviction or sentence through a motion filed pursuant to 28 U.S.C. § 2255. *Id.* at 120. A § 2255 petition must be brought in the court that imposed the sentence within one year from the date the judgment of conviction became final. 28 U.S.C. § 2255. However, the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the "rare case," in which a § 2255 petition would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d 245, 250 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements" of § 2255. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255

petition is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *United States v. Brooks*, 230 F.3d 643, 648 (3d Cir. 2000) (citation omitted). For example, we held in *In re Dorsainvil* that § 2255's safety valve clause is triggered where, subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct for which the prisoner was convicted is deemed not to be criminal. 119 F.3d at 251. In such a situation, the prisoner's earlier opportunity to challenge his conviction was inadequate, and relief is available under § 2241 in order to avoid a "complete miscarriage of justice." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In this case, § 2255 was the proper vehicle for Czeck to raise the argument that his ACCA sentence is no longer valid because four of the convictions upon which his sentence was based have been vacated. He argues that § 2255 was "inadequate or ineffective" to challenge his ACCA sentence because he did not discover that there were grounds to vacate his state convictions until after his first § 2255 petition had been filed and denied. We disagree. As the Eighth Circuit noted, Czeck waited for six years after his federal conviction was finalized to seek relief in state court. *Czeck*, 172 F. App'x at 687. Under such circumstances, where Czeck failed to pursue the issues related to his state convictions in a timely and diligent manner, § 2255 was not "inadequate or

ineffective."[1]  Therefore, the District Court properly determined that it lacked jurisdiction over Czeck's § 2241 petition.

IV.

For the foregoing reasons, we will affirm the order of the District Court.

---

[1] We note that, although the District Court did not rely on 28 U.S.C. § 2244(a), it could have also dismissed Czeck's habeas petition pursuant to that statute on the grounds that "the legality of [his] detention ha[d] been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." *See Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (making clear that § 2244 applies to any application for a writ of habeas corpus if the issues raised in the current petition were, or could have been, decided in the previous habeas action).